NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1449
_____

DAVID CALHOUN,

Appellant

v.

*SECRETARY PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
KENYA MANN; JOEL GOLDSTEIN, All In Their Individual Official
Capacities and as Agents In Fact

*(Party Terminated Pursuant to Court Order dated 09/05/14)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-00458)
District Judge: Honorable Ronald L. Buckwalter
_____

Argued November 18, 2015

Before: McKEE, *Chief Judge*, AMBRO and HARDIMAN, *Circuit Judges*.

(Filed: December 3, 2015)

Richard J. Albanese (Argued)
Ari R. Karpf
Karpf, Karpf & Cerutti
3331 Street Road
Suite 128, Two Greenwood Square
Bensalem, PA 19020
        *Attorneys for Plaintiff-Appellant*

Elizabeth S. Mattioni (Argued)
Charlene K. Fullmer
Margaret L. Hutchinson
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
      *Attorneys for Defendants-Appellees*

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

David Calhoun appeals two District Court orders: one dismissing his *Bivens* claims against Assistant United States Attorneys Kenya Mann and Joel Goldstein and the other denying his motion for reconsideration. Calhoun claims the facts he pleaded, viewed in the light most favorable to him, permit the inference that Mann and Goldstein violated his clearly established constitutional rights when they caused him to be unlawfully detained from February 23, 2006, until April 17, 2006.

As was made manifest at oral argument, Calhoun's case is based on a faulty premise. The public record, which includes opinions of the Pennsylvania state courts, demonstrates that Calhoun was lawfully held on a state detainer until April 4, 2006. *See Calhoun v. Pa. Bd. of Prob. & Parole*, 2007 WL 8058363, at \*1 (Pa. Commw. Ct. Nov. 9,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2007). Accordingly, Calhoun's claim that Mann recklessly misled and obstructed prison staff in *March* 2006 by stating that Calhoun was lawfully detained is without foundation. Because Calhoun *was* lawfully detained at the time of the alleged conversation, Mann accurately reported his detention status.

Having determined that Mann's statement is not actionable, Calhoun's remaining allegations are bald assertions of wrongdoing that are not credited at the motion to dismiss stage. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). And any attempt to amend the complaint to account for the fact that Calhoun was lawfully held at the time Mann made her statement would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

For the reasons stated, we will affirm the District Court's judgments.